**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

TRUSTEES OF PLUMBERS & STEAMFITTERS
LOCAL 166 HEALTH AND WELFARE FUND,
PLUMBERS & STEAMFITTERS LOCAL 166
PENSION FUND, PLUMBERS & STEAMFITTERS
LOCAL 166 PROFIT SHARING ANNUITY PLAN, and
JOINT APPRENTICESHIP TRAINING COMMITTEE
TRUST FUND,

          Plaintiffs,                        Case No.
                                                  Hon.

-vs-

PRECON, LLC and JARED DEKONINCK,
individually,

          Defendant.

_____/

## COMPLAINT

NOW COME the above-named Plaintiffs, by and through their attorneys, AsherKelly, PLLC, and for their Complaint against Defendants, PRECON, LLC, and JARED DEKONINCK state as follows:

## GENERAL ALLEGATIONS

1.      Plaintiffs are the Trustees of the PLUMBERS & STEAMFITTERS LOCAL 166 HEALTH AND WELFARE FUND, PLUMBERS & STEAMFITTERS LOCAL 166 PENSION FUND, PLUMBERS & STEAMFITTERS LOCAL 166 PROFIT SHARING ANNUITY PLAN, and JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST FUND, (hereinafter referred to as "FUNDS"), which are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC § 186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC § 1001 et seq., with administrative offices in Fort Wayne, Indiana.

2.      Plaintiff Trustees are the named Trustees of the Local 166 Plumbers & Steamfitters Health and Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, and the Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan.

3.      Plaintiff Trustees have for all purposes herein been and have acted as the designated representatives for the collection and disbursement of contributions and assessments, due according to the Collective Bargaining Agreement, including but not limited to those for and on behalf of the Plumbers & Steamfitters Local 166 Health And Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan, Joint Apprenticeship Training Committee Trust Fund, Plumbers & Pipefitters National Pension Fund, Plumbers & Steamfitters Local 166 Industry Fund, Plumbers & Steamfitters Local 166 Equality & Stability Fund, and Plumbers & Steamfitters Local 166 Building Fund.

4.      Plaintiff Trustees are also the designated representatives for the collection of Union dues for the Local 166 Plumbers & Steamfitters Union.

5.      Plumbers & Steamfitters Local Union No. 166 (hereinafter referred to as the "Union") is a labor organization which is bound by a Collective Bargaining Agreement with Defendant PRECON, LLC, calling for the payment of working dues by person employed by PRECON, LLC, pursuant to such Collective Bargaining Agreement.  Such working dues are to be withheld by the employer and ultimately forwarded to the Union.

6.      Defendant PRECON, LLC, (hereinafter referred to as "PRECON") was at all relevant times an Indiana company with its principal place of business in Fort Wayne, Indiana.

7.      Defendant JARED DEKONINCK ("DEKONINCK" or "Individual Defendant") is the controlling member of the LLC and, upon information and belief, he is the only member. The individual Defendant is responsible for running the day-to-day operations of PRECON and is

responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

8. The Individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agent acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendant is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

9. The FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between the Union and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

10. The Plan Documents, Agreements, and Declarations of Trust establishing Plaintiff FUNDS are made a part of the Collective Bargaining Agreements by reference and PRECON agreed to be bound by and comply with the Plan Documents, Trust Agreements and amendments thereto, all related agreements, rules, regulations, policies, reporting forms and other requirements lawfully established by the Trustees of said Funds not in conflict with the terms of the Collective Bargaining Agreements.

11. At all times relevant hereto, Defendant PRECON was signatory to Collective Bargaining Agreements with the Union as an owner member.

3

12.     The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

13.     Pursuant to the terms and provisions of the Collective Bargaining Agreements between PRECON and the Union, PRECON agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by PRECON and covered by the Agreements.

14.     Pursuant to the provisions of the Agreement and Declaration of Trust establishing Plaintiff FUNDS, contributions become vested Plan assets when due.

15.     That pursuant to the Collective Bargaining Agreements, Defendant PRECON was required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

16.     That pursuant to the Collective Bargaining Agreements, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

17.     That, pursuant to the Collective Bargaining Agreements and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, Defendant PRECON, as an owner member, was required to report the greater of 40 hours per week or the actual number of hours worked.

18.     That, pursuant to the Collective Bargaining Agreements and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreements.

19. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

20. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

21. To the extent that Defendants exercised any authority or control with respect to the management or disposition of assets of Plaintiff Funds, they are fiduciaries within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

22. Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)] and LMRA Section 301(c) [29 U.S.C. §185(c)]. It is an action brought in the district where the plans are administered and where the breach took place.

### COUNT I - Breach of Contract and 29 USC §1145 Violations by Defendants

23. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 22 as though fully set forth herein.

24. That notwithstanding its contractual obligations, Defendant PRECON has failed to pay its obligations, therefore violating the Collective Bargaining Agreement and various provisions of ERISA, including but not limited to 29 USC §1145.

25. Plaintiffs audited Defendant PRECON for the period September 1, 2019 through October 31, 2024, to review whether Defendant appropriately remitted payment for hours worked according to the CBA. The audit billed Defendant a total sum of $96,858.49. Of this amount, $87,668.47 represents contributions and deductions owed on PRECON's covered employee. The audit includes liquidated damages of $9,190.02. Defendants have not paid the amounts owed.

26.    By the above-described omissions and breaches of the Collective Bargaining Agreement by Defendants, the Trustees of the Plaintiff FUNDS have been prevented from discharging their duties as permitted by the parties' CBAs and the associated trust documents for each of the FUNDS.

27.    Because the audit revealed that Defendant PRECON owes fringe benefit contributions, the Trustees of the FUNDS may be required to deny employee beneficiaries of such FUNDS, for whom contributions have not been made, the benefits provided thereunder, thereby causing to such employee beneficiaries substantial and irreparable damage.

28.    That notwithstanding its contractual obligations, Defendants have failed and refused to pay their obligations, therefore violating the Collective Bargaining Agreements.

29.    Plaintiff FUNDS are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreements and are restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, the FUNDS request that this Honorable Court grant the following relief:

A.    Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

B.    Enter a Judgment in favor of Plaintiff FUNDS against Defendants PRECON and JARED DEKONINCK for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

C.    Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders;

D.      Enter an Order that Defendant PRECON open its books and records for a complete payroll audit from November 1, 2024 to present; and

E.      Any such other, further, or different relief as may be just and equitable under the circumstances.

### COUNT II - Breach of Fiduciary Duties by Defendant Jared DeKoninck

30.     Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 29 as though fully set forth herein.

31.     The Individual Defendant is a fiduciary with respect to the various Fringe Benefit Plans within the meaning of ERISA, 29 U.S.C. §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of assets of the Plans.

32.     The Individual Defendant exercised his authority or control over vested Plan assets when he paid other expenses rather than contributions.

33.     By engaging in the acts and omissions described, the Individual Defendant has breached his fiduciary duties regarding the Funds within the meaning of 29 U.S.C. §1104(a)(1)(A).

34.     The Individual Defendant is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, the FUNDS request that this Honorable Court grant the following relief:

A.  Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

B.      Enter a Judgment in favor of Plaintiff FUNDS against Defendants PRECON and JARED DEKONINCK for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

C.      Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders;

D.     Enter an Order that Defendant PRECON open its books and records for a complete payroll audit from November 1, 2024 to present; and

E.     Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**AsherKelly**

/s/ *Katherine R. Hopkins*
Katherine R. Hopkins (37747-44)
Matthew I. Henzi
Attorneys for Plaintiffs
25800 Northwestern Highway, Ste. 1100
Southfield, MI 48075
248.746.2717
khopkins@asherkellylaw.com
mhenzi@asherkellylaw.com

Dated:  July 10, 2026

4911-2136-3292, v. 1