**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **TRUSTEES OF PLUMBERS & STEAMFITTERS LOCAL 166 HEALTH AND WELFARE FUND, et al.** | ) | |
| **Plaintiffs,** | ) | **CASE NO. 1:26-cv-00321-ALT** |
| **v.** | ) | |
| **PRECON, LLC and JARED DEKONINCK,** | ) | |
| **Defendants.** | ) | |

## ANSWER TO COMPLAINT

Defendant, PreCon, LLC ("PreCon"), by counsel, for its Answer to Plaintiffs' Civil Complaint, states as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs are the Trustees of the PLUMBERS & STEAMFITTERS LOCAL 166 HEALTH AND WELFARE FUND, PLUMBERS & STEAMFITTERS LOCAL 166 PENSION FUND, PLUMBERS & STEAMFITTERS LOCAL 166 PROFIT SHARING ANNUITY PLAN, and JOINT APPRENTICESHIP TRAINING COMMITTEE TRUST FUND, (hereinafter referred to as "FUNDS"), which are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC § 186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC§ 1001 et seq., with administrative offices in Fort Wayne, Indiana.

**ANSWER:** PreCon admits the allegations in this paragraph.

2. Plaintiff Trustees are the named Trustees of the Local 166 Plumbers & Steamfitters Health and Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, and the Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan.

**ANSWER:** PreCon admits the allegations in this paragraph.

3. Plaintiff Trustees have for all purposes herein been and have acted as the designated representatives for the collection and disbursement of contributions and assessments, due according to the Collective Bargaining Agreement, including but not limited to those for and on behalf of the Plumbers & Steamfitters Local 166 Health And Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan, Joint Apprenticeship Training Committee Trust Fund, Plumbers & Pipefitters National Pension Fund, Plumbers & Steamfitters Local 166 Industry Fund, Plumbers & Steamfitters Local 166 Equality & Stability Fund, and Plumbers & Steamfitters Local 166 Building Fund.

**ANSWER:** PreCon admits the allegations in this paragraph.

4. Plaintiff Trustees are also the designated representatives for the collection of Union dues for the Local 166 Plumbers & Steamfitters Union.

**ANSWER:** PreCon admits the allegations in this paragraph.

5. Plumbers & Steamfitters Local Union No. 166 (hereinafter referred to as the "Union") is a labor organization which is bound by a Collective Bargaining Agreement with Defendant PRECON, LLC, calling for the payment of working dues

by person employed by PRECON, LLC, pursuant to such Collective Bargaining Agreement. Such working dues are to be withheld by the employer and ultimately forwarded to the Union.

**ANSWER:** PreCon admits that it was bound by a Collective Bargaining Agreement with Union and admits only that said Collective Bargaining Agreement speaks for itself. PreCon denies the remaining allegations in this paragraph.

6. Defendant PRECON, LLC, (hereinafter referred to as "PRECON") was at all relevant times an Indiana company with its principal place of business in Fort Wayne, Indiana.

**ANSWER:** PreCon admits the allegations in this paragraph.

7. Defendant JARED DEKONINCK ("DEKONINCK" or "Individual Defendant") is the controlling member of the LLC and, upon information and belief, he is the only member. The individual Defendant is responsible for running the day-to-day operations of PRECON and is responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

**ANSWER:** PreCon admits the allegations in this paragraph.

8. The Individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agent acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC§ 142(3). The Individual

Defendant is an employer within the meaning of §3(5) of ERISA, 29 USC § 1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

**ANSWER:** PreCon admits only that the cited statutes speak for themselves. PreCon denies the remaining allegations in this paragraph.

9. The FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between the Union and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

**ANSWER:** PreCon admits the allegations in this paragraph.

10. The Plan Documents, Agreements, and Declarations of Trust establishing Plaintiff FUNDS are made a part of the Collective Bargaining Agreements by reference and PRECON agreed to be bound by and comply with the Plan Documents, Trust Agreements and amendments thereto, all related agreements, rules, regulations, policies, reporting forms and other requirements lawfully established by the Trustees of said Funds not in conflict with the terms of the Collective Bargaining Agreements.

**ANSWER:** PreCon admits only that the Collective Bargaining Agreements speak for themselves. PreCon denies the remaining allegations in this paragraph.

11. At all times relevant hereto, Defendant PRECON was signatory to Collective Bargaining Agreements with the Union as an owner member.

**ANSWER:** PreCon admits that it was previously signatory to Collective Bargaining Agreements with the Union. PreCon lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies the same.

12. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

**ANSWER:** PreCon admits the allegations in this paragraph.

13. Pursuant to the terms and provisions of the Collective Bargaining Agreements between PRECON and the Union, PRECON agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by PRECON and covered by the Agreements.

**ANSWER:** PreCon admits only that the Collective Bargaining Agreements speak for themselves. PreCon denies the remaining allegations in this paragraph.

14. Pursuant to the provisions of the Agreement and Declaration of Trust establishing Plaintiff FUNDS, contributions become vested Plan assets when due.

**ANSWER:** PreCon admits only that the Collective Bargaining Agreements speak for themselves. PreCon denies the remaining allegations in this paragraph.

15. That pursuant to the Collective Bargaining Agreements, Defendant PRECON was required to make fringe benefit contribution payments to be remitted

with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

**ANSWER:** PreCon admits only that the Collective Bargaining Agreements speak for themselves. PreCon denies the remaining allegations in this paragraph.

16. That pursuant to the Collective Bargaining Agreements, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

**ANSWER:** PreCon admits only that the Collective Bargaining Agreements speak for themselves. PreCon denies the remaining allegations in this paragraph.

17. That, pursuant to the Collective Bargaining Agreements and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, Defendant PRECON, as an owner member, was required to report the greater of 40 hours per week or the actual number of hours worked.

**ANSWER:** PreCon admits only that the Collective Bargaining Agreements speak for themselves. PreCon denies the remaining allegations in this paragraph.

18. That, pursuant to the Collective Bargaining Agreements and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreements.

**ANSWER:** PreCon admits only that the Collective Bargaining Agreements speak for themselves. PreCon denies the remaining allegations in this paragraph.

19. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC § 1132(g)(2) and Section 1145.

**ANSWER:** PreCon admits only that the cited statutes speak for themselves. PreCon denies the remaining allegations in this paragraph.

20. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC § 185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.

**ANSWER:** PreCon admits the allegations in this paragraph.

21. To the extent that Defendants exercised any authority or control with respect to the management or disposition of assets of Plaintiff Funds, they are fiduciaries within the meaning of ERISA Section 3(21 )(A) [29 U .S.C. § 1002(21 )(A)].

**ANSWER:** PreCon admits only that the cited statute speaks for itself. PreCon denies the remaining allegations in this paragraph.

22. Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S C. §l 132(e)(2)] and LMRA Section 30l(c) [29 U.S.C. §185(c)]. It is an action brought in the district where the plans are administered and where the breach took place.

**ANSWER:** PreCon admits only that venue is proper in this Court and that the cited statutes speak for themselves. PreCon denies the remaining allegations in this paragraph.

**COUNT l - Breach of Contract and 29 USC §1145 Violations by Defendants**

23. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 22 as though fully set forth herein.

**ANSWER:** PreCon incorporates its answers to paragraphs one through twenty-two.

24. That notwithstanding its contractual obligations, Defendant PRECON has failed to pay its obligations, therefore violating the Collective Bargaining Agreement and various provisions of ERISA, including but not limited to 29 USC §1145.

**ANSWER:** PreCon denies the allegations in this paragraph.

25. Plaintiffs audited Defendant PRECON for the period September 1, 2019 through October 31, 2024, to review whether Defendant appropriately remitted payment for hours worked according to the CBA. The audit billed Defendant a total sum of $96,858.49. Of this amount, $87,668.47 represents contributions and deductions owed on PRECON's covered employee. The audit includes liquidated damages of $9,190.02. Defendants have not paid the amounts owed.

**ANSWER:** PreCon admits that Plaintiffs audited PreCon for the specified period and alleged the stated deficiencies. PreCon denies the remaining allegations in this paragraph.

26. By the above-described omissions and breaches of the Collective Bargaining Agreement by Defendants, the Trustees of the Plaintiff FUNDS have been prevented from discharging their duties as permitted by the parties' CBAs and the associated trust documents for each of the FUNDS.

**ANSWER:** PreCon denies the allegations in this paragraph.

27. Because the audit revealed that Defendant PRECON owes fringe benefit contributions, the Trustees of the FUNDS may be required to deny employee beneficiaries of such FUNDS, for whom contributions have not been made, the benefits provided thereunder, thereby causing to such employee beneficiaries substantial and irreparable damage.

**ANSWER:** PreCon denies the allegations in this paragraph.

28. That notwithstanding its contractual obligations, Defendants have failed and refused to pay their obligations, therefore violating the Collective Bargaining Agreements.

**ANSWER:** PreCon denies the allegations in this paragraph.

29. Plaintiff FUNDS are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreements and are restrained from continuing to refuse to perform as thereunder required.

**ANSWER:** PreCon denies the allegations in this paragraph.

WHEREFORE, Defendant PreCon, LLC, by counsel, respectfully requests that the Plaintiffs take nothing by way of their Complaint, that the Court enter judgment in Defendant PreCon's favor, and that the Court grant all other relief just and proper.

**COUNT II - Breach of Fiduciary Duties by Defendant Jared DeKoninck**

30. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 29 as though fully set forth herein.

**ANSWER:** PreCon incorporates its answers to paragraphs one through twenty-nine.

31. The Individual Defendant is a fiduciary with respect to the various Fringe Benefit Plans within the meaning of ERISA, 29 U.S.C. § 1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of assets of the Plans.

**ANSWER:** PreCon denies the allegations in this paragraph.

32. The Individual Defendant exercised his authority or control over vested Plan assets when he paid other expenses rather than contributions.

**ANSWER:** PreCon denies the allegations in this paragraph.

33. By engaging in the acts and omissions described, the Individual Defendant has breached his fiduciary duties regarding the Funds within the meaning of 29 U.S.C. § 1104(a)(1)(A).

**ANSWER:** PreCon denies the allegations in this paragraph.

34. The Individual Defendant is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**ANSWER:** PreCon denies the allegations in this paragraph.

WHEREFORE, Defendant PreCon, LLC, by counsel, respectfully requests that the Plaintiffs take nothing by way of their Complaint, that the Court enter judgment in Defendant PreCon's favor, and that the Court grant all other relief just and proper.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant, PreCon, LLC ("PreCon"), by counsel, for its Defenses and Affirmative Defenses to Plaintiffs' Civil Complaint, states as follows:

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' requests for equitable relief are barred by their unclean hands.

3. Plaintiffs' requests for equitable relief are barred by laches.

4. Plaintiffs' claims are barred by waiver or estoppel.

5. Plaintiffs committed the first material breach.

6. The work, employees, or hours at issue were not covered by the Collective Bargaining Agreement.

7. Defendants reserve the right to assert such other defenses and affirmative defenses as may be identified through discovery.

WHEREFORE, Defendant PreCon, LLC, by counsel, respectfully requests that the Plaintiff take nothing by way of their Complaint, that the Court enter judgment in PreCon's favor, and that the Court grant all other relief just and proper.

Date: September 9, 2026

Respectfully submitted,

BECKMAN LAWSON, LLP

*/s/ Noah W. Vancina*

Gary D. Johnson, #16082-03
gjohnson@beckmanlawson.com
Caroline L. Eakins, #40061-02
ceakins@beckmanlawson.com
Noah W. Vancina, #36987-53
nvancina@beckmanlawson.com
201 West Wayne Street
Fort Wayne, IN 46802
Telephone: (260) 422–0800
Facsimile: (260) 420–1013
ATTORNEYS FOR DEFENDANT–COUNTERCLAIM PLAINTIFFS PRECON, LLC, AND JARED DEKONINCK

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 9, 2026, the undersigned filed this document on the Court's CM/ECF system, which in turn generated a notice to:

Matthew I. Henzi
mhenzi@asherkellylaw.com
Katherine R. Hopkins
khopkins@asherkellylaw.com

*/s/ Noah W. Vancina*
Noah W. Vancina
Attorney for Defendants