**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **TRUSTEES OF PLUMBERS & STEAMFITTERS LOCAL 166 HEALTH AND WELFARE FUND, et al.** | ) | |
| **Plaintiff–Counterclaim Defendants,** | ) | **CASE NO. 1:26-cv-00321-ALT** |
| **v.** | ) | |
| **PRECON, LLC and JARED DEKONINCK,** | ) | |
| **Defendant–Counterclaim Plaintiffs.** | ) | |

## COUNTERCLAIM

Defendant–Counterclaim Plaintiffs, PreCon, LLC, and Jared DeKoninck, by counsel, respectfully file their counterclaim against Plaintiff–Counterclaim Defendant, Trustees of Plumbers & Steamfitters Local 166 Health and Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan, and Joint Apprenticeship Training Committee Trust Fund (collectively, "the Funds") and alleges as follows:

## PARTIES

1. PreCon, LLC, is an Indiana limited liability company whose sole member is domiciled in Allen County, Indiana.

2. Jared DeKoninck is an individual domiciled in Allen County, Indiana, and the sole member of PreCon.

3. Trustees ("Trustees") of the Plumbers & Steamfitters Local 166 Health and Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan, and Joint Apprenticeship Training Committee Trust Fund (collectively, the "Funds") are, upon information and belief, the named Trustees of employee benefit trust funds established under and administered pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"), with administrative offices in Fort Wayne, Indiana.

4. Trustees act as fiduciaries with respect to PreCon and Dekoninck within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), in that they exercise discretionary authority or control respecting management or disposition of assets of the Funds, of which PreCon is a contributing employer and DeKoninck is a participant.

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically ERISA, 29 U.S.C. § 1132.

6. This Court also has subject-matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, as this action arises out of a Collective Bargaining Agreement between a labor organization and an employer.

7. Venue is proper in this Court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), as this is a district where the breach took place.

## FACTUAL ALLEGATIONS

8. At all relevant times, PreCon was signatory to collective bargaining agreements ("CBAs") with Plumbers & Steamfitters Local Union No. 166.

9. At all relevant times, DeKoninck was a member with Plumbers & Steamfitters Local Union No. 166.

10. Trustees allege that, pursuant to the CBAs, PreCon was required to make monthly fringe benefit contribution payments to the Funds for each employee employed by PreCon and who performed work covered by the CBAs.

11. Trustees further allege that PreCon was required to pay into all Funds amounts equal to at least forty hours of work for DeKoninck, regardless of whether DeKoninck actually worked forty covered hours in a given week.

12. Finally, Trustees allege that DeKoninck owed a fiduciary duty to the Funds to pay certain amounts at stated times.

13. Between July 2019 and December 2024, DeKoninck often worked fewer than forty covered hours per week.

14. Consequently, between July 2019 and December 2024, PreCon often reported and paid fewer than forty hours per week for DeKoninck.

15. Despite often reporting fewer than forty hours of work per week for over five years, Trustees never informed PreCon that its payments were insufficient or that penalties were accruing.

16. In fact, Trustees continued to provide PreCon and DeKoninck with quarterly statements indicating that PreCon and DeKoninck were eligible and in good standing under the CBAs.

17. During this period, PreCon occasionally made payments a few days late.

18. On each of those occasions, Trustees immediately assessed a late penalty, which PreCon paid.

19. Had Trustees timely notified PreCon or DeKoninck of the alleged underpayments when they first knew or should have known of such deficiencies, PreCon or DeKoninck could have cured the alleged deficiencies before significant penalties and liquidated damages accrued.

**COUNT I – BREACH OF FIDUCIARY DUTY UNDER ERISA**

20. Counterclaim Plaintiffs incorporate the allegations in paragraphs one through nineteen.

21. Trustees are fiduciaries with respect to participants in the Funds within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), in that they exercise discretionary authority or control respecting management or disposition of assets of the Funds and have discretionary authority or discretionary responsibility in the administration of the Funds.

22. As fiduciaries, the Trustees owe a duty to discharge their duties with respect to the Funds solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and their beneficiaries

and defraying reasonable expenses of administering the plan, and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. *See* ERISA § 404(a), 29 U.S.C. § 1104(a).

23. The Trustees' fiduciary obligations include a duty to notify plan participants and contributing employers when employer contributions to the Funds are in arrears and when such deficiencies jeopardize the eligibility of plan participants or may result in the imposition of penalties.

24. The Trustees' fiduciary duty requires them to verify on a regular basis the eligibility of those for whom contributions are being made and to inform contributing employers of contribution deficiencies within a reasonable time after the Trustees acquire knowledge of such deficiencies.

25. The Trustees breached their fiduciary duties by failing to notify PreCon and DeKoninck of the alleged underpayments when the Trustees knew or should have known that PreCon and DeKoninck were allegedly not making full payments as required by the CBAs, thereby allowing arrearages, liquidated damages, and penalties to accrue over a period of years.

26. If Trustees prevail on their claims, the breach of fiduciary duty will have directly caused PreCon and DeKoninck to incur liquidated damages and additional collection costs, attorney fees, and audit costs that would not have been

incurred had the Trustees discharged their fiduciary duties by providing timely notice of the alleged deficiencies.

WHEREFORE, Counterclaim Plaintiffs, PreCon, LLC, and Jared DeKoninck, by counsel, respectfully request that this Court enter judgment in their favor and against Counterclaim Defendant, Trustees of the Plumbers & Steamfitters Local 166 Health and Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan, and Joint Apprenticeship Training Committee Trust Fund, in an amount that includes compensatory damages and grant Counterclaim Plaintiffs all other relief just and proper.

**COUNT II – FAILURE TO SUPPLY REQUESTED INFORMATION UNDER ERISA**

27. Counterclaim Plaintiffs incorporate the allegations in paragraphs one through twenty-six.

28. On December 11, 2025, counsel for PreCon and DeKoninck requested copies of plan documents under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

29. To date, the plan administrator of the Funds has not provided the requested documents.

30. ERISA §§ 502(a)(1)(A) and (c), 29 U.S.C. § 1132(a)(1)(A) and (c) authorize a plan participant or beneficiary to bring an action to recover penalties and attorney's fees for a paan administrator's failure to timely provide documents under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

WHEREFORE, Counterclaim Plaintiffs, PreCon, LLC, and Jared Dekoninck, by counsel, respectfully requests that this Court enter judgment in their favor and against Counterclaim Defendant, Trustees of the Plumbers & Steamfitters Local 166 Health and Welfare Fund, Plumbers & Steamfitters Local 166 Pension Fund, Plumbers & Steamfitters Local 166 Profit Sharing Annuity Plan, and Joint Apprenticeship Training Committee Trust Fund, in an amount that includes statutory penalties and attorney's fees under ERISA § 502(c), 29 U.S.C. § 1132(c) and grant Counterclaim Plaintiffs all other relief just and proper.

Date:

Respectfully submitted,

BECKMAN LAWSON, LLP

*/s/ Noah W. Vancina*

Gary D. Johnson, #16082-03
gjohnson@beckmanlawson.com
Caroline L. Eakins, #40061-02
ceakins@beckmanlawson.com
Noah W. Vancina, #36987-53
nvancina@beckmanlawson.com
201 West Wayne Street
Fort Wayne, IN 46802
Telephone: (260) 422–0800
Facsimile: (260) 420–1013
ATTORNEYS FOR DEFENDANT–COUNTERCLAIM PLAINTIFFS PRECON, LLC, AND JARED DEKONINCK

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 9, 2026, the undersigned filed this document on the Court's CM/ECF system, which in turn generated a notice to:

Matthew I. Henzi
mhenzi@asherkellylaw.com
Katherine R. Hopkins
khopkins@asherkellylaw.com

*/s/ Noah W. Vancina*
Noah W. Vancina
Attorney for Defendants